IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEROME A. MAHER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 15-cv-7522 |
| v. | ) |
| | ) Judge Robert M. Dow, Jr. |
| PENSION BENEFIT GUARANTY CORP., | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Jerome A. Maher ("Plaintiff") filed a *pro se* complaint against the Pension Benefit Guaranty Corporation ("PGBC") alleging that PBGC improperly denied pension benefits accrued during his employment at the First Federal Savings and Loan Association in Wilmette, Illinois. PBGC moves to dismiss [9] Plaintiff's complaint on two alternative grounds: insufficient service of process and improper venue under Federal Rules of Civil Procedure 12(b)(5) and 12(b)(3), respectively. As part of Plaintiff's response to PBGC's motion, Plaintiff filed a motion for a directed verdict [13]. For the reasons stated below, the Court grants PBGC's motion [9] and denies Plaintiff's motion [13]. The Court transfers this case to the U.S. District Court for the District of Columbia.

**I.   Background**

The following facts are taken from Plaintiff's *pro se* complaint, which Plaintiff styles as "an appeal for a review of the findings of the Pension Benefit Guaranty Corporation." [1] at 1. PBGC is a federal agency created by Congress to administer the pension termination insurance program under Title IV of the Employment Retirement Income Security Act of 1974. See 29

U.S.C. § 1302. Plaintiff was employed by First Federal Savings and Loan Association of Wilmette ("First Federal") from July 1963 to June 1990. First Federal became Horizon Federal Savings Bank in 1984. On September 28, 1984, PBGC gave First Federal permission to terminate the First Federal Savings and Loan Association Pension Plan ("the Plan") and advised the Plan's administrators to allocate the assets in accordance with ERISA. On January 16, 1985, the Plan administrators filed ERISA Form 5310 and the U.S. Treasury Department Form 6088 with the PBGC certifying that the assets of the Plan were allocated in accordance with Section 3033 of ERISA. Plaintiff was one of the three officers of First Federal who served as the Plan's administrators. The Plan's assets were held in a First Federal savings account. The Plan's administrators advised the beneficiaries of the plan that they could either take a lump sum or a lifetime monthly annuity beginning in retirement. Plaintiff writes that he "chose the monthly annual benefit of $1,784.00" and attaches a document that details he was entitled either to that monthly sum or a lump benefit of $57,834. See [1] at 2, 17.

On January 16, 2013, Plaintiff submitted a letter to PBGC detailing that he never received the lump sum benefit that he was owed under the Plan. On October 25, 2013, PBGC determined that Plaintiff had received the lump-sum distribution of $57,834 when the Plan was terminated on March 2, 1984. Plaintiff timely appealed on November 11, 2013. On March 25, 2015, the PBGC notified Plaintiff that it denied his appeal. In its denial, PBGC informed Plaintiff that he may "seek U.S. District Court review of PBGC's determination with respect to the issues [he] raised." [1] at 10-11.[1]

---

[1] In his complaint, Plaintiff also recounts past litigation before this Court and the U.S. Court of Claims in three separate actions, which the Court need not rehearse here. See *Maher v. FDIC*, 441 F.3d 522 (7th Cir. 2006).

## II. Legal Standard

Once a plaintiff files a lawsuit in federal court, the plaintiff must ensure that each defendant receives a summons and a copy of the complaint against it. Fed. R. Civ. P. 4(b), (c)(1). Unless the plaintiff can demonstrate good cause for being unable to do so, he must accomplish this service of process within 120 days of filing to avoid possible dismissal of the suit. Fed. R. Civ. P. 4(m). These service requirements serve several purposes: they "provide notice to parties, encourage parties and their counsel to diligently pursue their cases, and trigger a district court's ability to exercise jurisdiction over a defendant." *Cardenas v. City of Chicago*, 646 F.3d 1001, 1004-05 (7th Cir. 2011) (citing *Henderson v. United States,* 517 U.S. 654, 672 (1996)) (other citations omitted). "A defendant may enforce the service of process requirements through a pretrial motion to dismiss," at which point the plaintiff "bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service." *Id.* (citing Fed. R. Civ. P. 12(b)(5)) (other citation omitted).

If an extension request is made under Rule 4(m), "a district court must first inquire whether a plaintiff has established good cause for failing to effect timely service." *Panaras v. Liquid Carbonic Indus. Corp.,* 94 F.3d 338, 340 (7th Cir. 1996). "If good cause is shown, the court *shall* extend the time for service for an appropriate period." *Id.* "If, however, good cause does not exist, the court may, in its discretion, either dismiss the action without prejudice or direct that service be effected within a specified time." *Id*. If the Court determines that the plaintiff has not met that burden and lacks good cause for not perfecting service, the Court must either dismiss the suit or specify a time within which the plaintiff must serve the defendant. Fed. R. Civ. P. 4(m). The Court's decision on a Rule 12(b)(5) motion is "inherently discretionary." *Cardenas*, 646 F.3d at 1005 (citing *United States v. Ligas,* 549 F.3d 497, 501 (7th Cir. 2008)).

Rule 12(b)(3) provides that a party may move to dismiss a case that a plaintiff filed in an improper venue. Fed. R. Civ. P. 12(b)(3). The plaintiff bears the burden of establishing proper venue. See *Int'l Travelers Cheque Co. v. BankAmerica Corp.,* 660 F.2d 215, 222 (7th Cir. 1981) (citation omitted). The burden is met by making a *prima facie* showing that venue is proper. See *Bell v. Woodward Governor Co.,* 2004 WL 1498145, at *1 (N.D.Ill. July 2, 2004). A court deciding a Rule 12(b)(3) motion must take the allegations in the complaint as true (unless contradicted by affidavit) and draw all reasonable inferences in favor of the plaintiff. See *Nagel v. ADM Investor Servs., Inc.,* 995 F. Supp. 837, 843 (N.D.Ill.1998). The Court will resolve all factual disputes in the plaintiff's favor. See *Nelson v. Park Indus., Inc.,* 717 F.2d 1120, 1123 (7th Cir. 1983).

In his response, Plaintiff has also filed a "Motion for a Directed Verdict," which is treated as a motion for judgment as a matter of law. See Fed. R. Civ. P. 50(a) Comm. Note (1991 Amend.) ("If a motion is denominated a motion for directed verdict or for judgment notwithstanding the verdict, the party's error is merely formal. Such a motion should be treated as a motion for judgment as a matter of law in accordance with this rule."). Under Rule 50(a), a court may render judgment as a matter of law in a jury trial "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a).

## III. Analysis

In its motion to dismiss [9], PBGC provides two alternative grounds for dismissal: insufficient service of process and improper venue. The Court considers those arguments in turn and then discusses Plaintiff's motion for a direct verdict [13].

### A. Rule 12(b)(5)

First, PBGC argues that Plaintiff's claims should be dismissed for lack of personal jurisdiction. PBGC contends that Plaintiff failed to serve either the United States Attorney for the Northern District of Illinois or the United States Attorney General. Generally, "a district court may not exercise personal jurisdiction over a defendant unless the defendant has been properly served with process, and the service requirement is not satisfied merely because the defendant is aware that he has been named in a lawsuit or has received a copy of the summons and the complaint." *Ligas*, 549 F.3d at 500. This Court is without personal jurisdiction over PBGC unless it has been served in accordance with Federal Rule of Civil Procedure 4. Although *pro se* plaintiffs are afforded some leniency, they must still follow the federal rules.

Rule 4(i) of the Federal Rules of Civil Procedure provides the requirements for serving the United States, federal agencies, and federal employees. When a federal agency is sued, plaintiff must serve the United States in addition to the agency. Fed. R. Civ. P. 4(i)(2). To serve the United States, a plaintiff must deliver a copy of the summons and complaint to 1) the United States Attorney for the district where the action is brought (or an employee designated by the same) and 2) the Attorney General of the United States. Fed. R. Civ. P. 4(i)(1).

PBGC acknowledges it received the Complaint and Summons from Plaintiff via FedEx on September 1, 2015, but claims that Plaintiff failed to serve either the United States Attorney for the Northern District of Illinois or the United States Attorney General. In his response, Plaintiff insists that he did serve the Attorney General and the U.S. Attorney using certified mail and that copies of the summons are on file with the Clerk of the Court.

As will be discussed below, this Court is not the proper venue for this case so the Court sees little value in resolving the disagreement over whether service was accomplished and

5

potentially extending the time for a *pro se* Plaintiff to perfect service or dismissing this case without prejudice, only to subsequently transfer the case to the U.S. District Court for the District of Columbia or direct Plaintiff to refile his case here. Such a ruling would only delay this litigation and its eventual transfer to the proper venue in the District of Columbia and saddle both sides and this Court with unnecessary costs. Accordingly, the Court denies PBGC's motion under Rule 12(b)(5).

**B.     Rule 12(b)(3)**

29 U.S.C. § 1303(f) provides the "exclusive means for bringing actions against [PBGC] under Title IV, "including in its capacity as a trustee." 29 U.S.C. § 1303(f)(4). Any action brought by a participant or beneficiary against PBGC may only be filed in the "appropriate court." *Id.* § 1303(f)(1). The term "appropriate court" is defined as "(A) the United States District Court before which proceedings under section 4041 or 4042 [29 U.S.C. §§ 1341 or 1342] are being conducted; (B) if no such proceedings are being conducted, the United States District Court for the judicial district in which the [pension] plan has its principal office; or (C) the United States District Court for the District of Columbia." 29 U.S.C. § 1303(f)(2). Since there are no pension plan termination proceedings being conducted under 29 U.S.C. §§ 1341 or 1342, then the appropriate venues would be the district in which the plan has its principal office or the District Court in Washington, D.C. However, considering the First Federal Savings Plan was terminated in 1984, it no longer has a principal office in this district. Consequently, the only proper venue available to Plaintiff is the United States District Court for the District of Columbia.

Other federal courts have come to this conclusion: once a pension plan has been terminated and its principal office closed, the only appropriate venue for a participant's suit

against PBGC lies in the District of Columbia. See, e.g., *United Steel, Paper, & Forestry Rubber Mfg. Energy Allied Indus. and Serv. Workers v. PBGC*, 602 F. Supp. 2d 1115, 1119 (D. Minn. 2009) (concluding that Congress "decided that where the PBGC has assumed trusteeship, and a plan's principal office has closed, suits must be located in the District of Columbia"); *Lewis v. PBGC*, 2015 WL 5577377, at *3 (N.D. Ga. Aug. 11, 2015) ("Once an ERISA plan is terminated the plan no longer has a principal office" and "the only proper venue in this action is the District Court for the District of Columbia").

Understandably, Plaintiff points to the fact that from the Manager of PBGC's Appeals Division informed him in an April 15, 2015 letter that he could file *either* in this Court or the U.S. District Court for the District of Columbia. However, such informal advice has no effect on this Court's analysis. Moreover, the letter further informed Plaintiff that attorneys for PBGC not the Appeals Board represent PBGC in these types of cases, that the Board is "informed that the Agency counsel sometimes object to hearing the case in the local district court and seek a change in location (venue) to the United States District Court for the District of Columbia," and that he should seek "legal advice from a counsel of [his] choice regarding how to go about such an appeal." [14-1] at 4. As noted above, at this time the *only* proper venue for this lawsuit is the United States District Court for the District of Columbia. Accordingly, the Court will transfer this case to that court.

### C. Plaintiff's Motion for a Directed Verdict

In his response, Plaintiff has also filed a "Motion for a Directed Verdict," which is treated as a motion for judgment as a matter of law under Rule 50(a) of the Federal Rules of Civil Procedure. See [13] at 2-3. For the reasons stated above, this Court is not a proper venue for this case. Therefore, the Court denies Plaintiff's motion without prejudice as moot [13].

For the sake of completeness, the Court notes in passing that even if this Court were a proper venue for Plaintiff's case, this motion would be improper. Under Rule 50(a), a court may render judgment as a matter of law in a jury trial "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a). However, the parties agree that PBGC as a federal agency is subject to the provisions of the Administrative Procedure Act ("APA"), 5 U.S.C. section 551 *et seq.*; see also *PBGC v. LTV Corp.*, 496 U.S. 633, 636 (1990). The appropriate standard of review for a challenge to a PBGC final determination is the arbitrary and capricious standard set forth in Section 706(2)(A) of the APA, meaning that a reviewing court must uphold an agency's action unless it is "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 416 (1971); see also *Sierra Club v. EPA*, 774 F.3d 383, 393 (7th Cir. 2014). Considering there can be no *de novo* challenge to an agency determination, there cannot be a Rule 50(a) motion at the start of a case like this. Consequently, Rule 50(a) does not apply in this case and Plaintiff's motion [13] is denied as moot.

**IV. Conclusion**

For the foregoing reasons, the Court grants PBGC's motion for improper venue [9] and denies Plaintiff's motion [13] as moot. The Court directs the Clerk to transfer this case to the U.S. District Court for the District of Columbia.

Dated: July 22, 2016

_____
Robert M. Dow, Jr.
United States District Judge